## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) JEFF SHEPHERD,** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | ) **17-CV-00113-CVE-TLW** |
| | ) |
| | ) **COMPLAINT** |
| **(1) ATLANTIC RECOVERY SOLUTIONS, LLC, AND** | ) **(Unlawful Debt Collection Practices)** |
| **(2) DNF ASSOCIATES, LLC,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### COMPLAINT

NOW COMES Plaintiff, Jeff Shepherd, and for his Complaint against Defendants, Atlantic Recovery Solutions, LLC and DNF Associates, LLC, alleges as follows:

### INTRODUCTION

This action is brought by a consumer after his bank account was unlawfully accessed without his permission and illegally withdrawn by a debt collector, Atlantic Recovery Solutions, LLC while working on behalf of another debt collector, DNF Associates, LLC.

### JURISDICTION AND VENUE

1.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

2.     Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

3.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2) and 28 U.S.C. §§1331.

### PARTIES

4.      Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

5.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

6.      Defendant Atlantic Recovery Solutions, LLC is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

7.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in East Amherst, NY.

8.      Atlantic does business in Oklahoma. Its registered agent and office is Registered Agents, Inc. of 3030 NW Expressway, Suite 200B, Oklahoma City, OK.

9.      Defendant DNF Associates, LLC ("DNF") is a purchaser of defaulted consumer debts, which acts a debt collector as it regularly collects said debts after purchase. DNF was or is engaged in the business of acquiring, or claiming to acquire, charged off consumer debts and collecting them thereafter.

10.     DNF is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the courts, mails and/or the telephone to collect, or attempt to collect, directly and/or indirectly, defaulted consumer accounts.

11.     DNF is a Limited Liability Corporation engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a(6). FCA is a foreign LLC with its principal place of business in Cheektowaga, New York.

12.     DNF does business in Oklahoma. Its registered agent and office is National Registered Agents, Inc. of OK, 1833 S MORGAN RD, Oklahoma City, OK.

13.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.    In March, 2016, Defendant Atlantic's agents or employees communicated with Plaintiff by telephone and asked for payment on a debt allegedly owned by Defendant DNF, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

15.    During this collection telephone call, Plaintiff and Defendant Atlantic agreed to settle this defaulted consumer debt for a reduced amount over several payments. Defendant Atlantic wanted Plaintiff to agree to allow Defendant Atlantic to make an automatic withdrawal from Plaintiff's bank account debit card on March 30, 2017. However, Plaintiff explicitly told Defendant that he did *not* want Defendant to do an automatic withdrawal many times.

16.    Before terminating the call, Plaintiff was transferred to Defendant Atlantic's "manager" Sean Maxwell who told Plaintiff they could not guaranty their settlement agreement amount without a good faith payment to be made that day. As a result, Plaintiff agreed to pay $50.00 that day over the phone and would pay the remaining at the end of the month. Defendant Atlantic's "manager" Sean Maxwell again requested Plaintiff for authorization to allow an automatic withdrawal, and again Plaintiff told him that an automatic withdrawal was not agreeable.

17.    Defendant solicited and obtained Plaintiff's personal bank account information in order to initiate a single of electronic fund transfer of $50.00, which was aimed at satisfying this debt, and which was subject to Regulation E and the EFTA. See 12 C.F.R. § 1005.3(b).

18.    The parties agreed to get back in touch with one another on either March 30th or 31st so that Plaintiff could provide his authorization and provide his debit card information again so that Defendant could process the remaining payment over the phone.

19.     On March 9, 2016, Defendant Atlantic sent Plaintiff an email that contained the settlement offer. This agreement did not provide any indication that Defendant Atlantic would be processing his debit card again.

20.     On March 10, 2016, Defendant processed the agreed $50.00 payment using the debit card information provided by Plaintiff.

21.     However, on April 1, 2016, *without* Plaintiff's authorization, Defendant Atlantic processed another payment in the amount of $762.13. This unauthorized withdrawal caused Plaintiff's bank account to become overdrawn, caused several of Plaintiff's charges to be declined, and caused Plaintiff to incur bank penalty fees.

22.     Defendant Atlantic failed to obtain written authorization from the Plaintiff for this second electronic funds transfer, as required by and in violation of Regulation E and the EFTA. See 12 C.F.R. § 1005.10(b).

23.     Defendant Atlantic failed to provide the Plaintiff with a written copy of this authorization for this electronic funds transfer, as required by and in violation of regulation E of the EFTA. See 12 C.F.R. § 1005.10(b).

24.     Defendant Atlantic made multiple electronic funds transfers from Plaintiff's bank account between March 10, 2016 and April 1, 2017, within the meaning of Regulation E and the EFTA, without having first complied with the requirements of those federal laws. See 15 U.S.C. § 1693 and 12 C.F.R. § 1005.10.

25.     Defendant Atlantic's failure to provide the notices required by the EFTA, prior to instituting multiple electronic funds transfers from Plaintiff's bank account constitutes a violation of the EFTA, 15 U.S.C. § 1693, and was also an unfair, false and deceptive collection

practice in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692f(1), amongst others.

26.    As a result of the conduct Defendant Atlantic, Plaintiff has incurred actual damages, including bank overdraft fees, frustration, fear that his debit card information had been stolen, humiliation, and embarrassment.

27.    The acts and omissions of Defendant Atlantic, and the other debt collectors employed as agents of Defendant Atlantic, who communicated with Plaintiff and others as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant DNF Associates LLC.

28.    The acts and omissions by Defendant Atlantic were incidental to, or of the same general nature as, the responsibilities Defendant Atlantic was authorized to perform by Defendant DNF Associates LLC in collecting consumer debts.

29.    By committing these acts and omissions against Plaintiff, Defendant Atlantic was motivated to benefit its principal, Defendant DNF Associates LLC.

30.    Defendant DNF Associates LLC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by Defendant Atlantic, including but not limited to violations of the FDCPA and the EFTA, in its attempts to collect this debt from Plaintiff.

<u>**COUNT I**</u>
<u>**DEFENDANTS VIOLATED THE ELECTRONIC FUND TRANSFER ACT (EFTA), 15**</u>
<u>**U.S.C. § 1693 et seq.**</u>

31.    Defendants violated the EFTA. Defendants' violations include, but are not limited to the following:

a.    Defendants violated 15 U.S.C. §1693e(a) of the EFTA by not obtaining Plaintiff's authorization for an electronic transfer in writing.

COMPLAINT                                          5

b.    Defendants violated 15 U.S.C. §1693e of the EFTA by not providing Plaintiff with a copy of Plaintiff's authorization for an electronic fund transfer. 12 C.F.R. § 205.10(b). *See* FRB Official Staff Interpretations Regarding Regulation E §205.10(b)-2 (third-party payee commits violation by failing to obtain authorization for preauthorized transfers in writing or failing to give a copy to the consumer).

c.    Defendants violated 15 U.S.C. §1693e of the EFTA by not providing Plaintiff with advance notice that funds would be withdrawn. 15 U.S.C. §1693e.

32.    Defendants are therefore liable to Plaintiff under the EFTA for actual damages caused by overdrafts, plus statutory damages of $1,000.00, costs, and Plaintiff's attorney's fees and court costs.

### COUNT II
### DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

33.    Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following:

a)    Defendants violated §1692e and §1692e(10) of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of a debt.

b)    Defendants violated §1692f of the FDCPA by using unfair or unconscionable means to collect a debt.

c)    Defendants violated §1692f(1) of the FDCPA by using unfair or unconscionable means to collect a debt, including the collection of an amount not permitted by law.

### COUNT III
### DEFENDANTS VIOLATED THE OKLAHOMA CONSUMER PROTECTION ACT
### 15 Okla. Stat. § 753

34.    Defendants violated the Oklahoma Consumer Protection Act.  Defendants'

h)    Any other relief that this court deems to be just and proper.

Respectfully Submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net